UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Criminal Case No. 21-20558

RAYQUAN VONTEZ STURGIS,        Sean F. Cox
                                                   United States District Court Judge

    Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO SUPPRESS**

In this criminal case, Defendant Rayquan Vontez Strugis ("Sturgis") is charged carjacking and related federal crimes. The matter is before the Court on Sturgis's Motion to Suppress, that asks this Court to suppress identification testimony from three alleged victims, on the ground that the photographic lineups used were unduly suggestive. The Court heard oral argument on September 14, 2022. For the reasons set forth below, the Court DENIES this motion without an evidentiary hearing because Sturgis has not met his burden as to step one of the two-part inquiry at issue here.

**BACKGROUND**

**A.    Procedural Background**

In this criminal case, Defendant Sturgis is charged with: 1) two counts of Carjacking, in violation of 18 U.S.C. § 2119(1) (Counts One and Five); 2) one count of Brandishing a Firearm During and Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two); 3) one count of Carjacking Causing Serious Bodily Injury, in violation of 18 U.S.C. §

1

2119(2) (Count Three); and 4) one count of Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Four).  (*See* ECF No. 13, Second Superceding Indictment).  Sturgis is charged with three separate carjackings, involving three separate victims.  The alleged carjackings occurred on June 10, 2020, June 18, 2020, and July 7, 2020.

On June 17, 2022, Sturgis filed a "Motion To Suppress Identification Testimony And Request For An Evidentiary Hearing."  (ECF No. 26).  In it, Sturgis asks this Court to issue an order suppressing from evidence testimony of potential government witnesses, (A.P., D.W., and D.D., three alleged victims) because he contends the photographic lineups were unduly suggestive.

The Government opposes the motion and contends that the Court should deny the motion on the merits without holding an evidentiary hearing.

On August 4, 2022, this Court scheduled an evidentiary hearing to be held on August 24, 2022, beginning at 2:00 p.m., and indicated the Court would also hear oral argument at that time.  (ECF No. 29).  That Order further directed that each party was to file an exhibit and witness list by August 16, 2022, identifying any witnesses that may be called at the hearing.  Neither party, however, filed a witness list identifying any witnesses they wished to present at an evidentiary hearing.

On August 23, 2022, this Court reset the motion for oral argument on September 14, 2022.  This Court heard oral argument on September 14, 2022, and took the motion under advisement.

**B.     Factual Background**

Sturgis is charged with three separate carjackings, involving three different victims. The alleged carjackings occurred on June 10, 2020, June 18, 2020, and July 7, 2020.

It is undisputed that, during the investigation of the charges in this case, law enforcement officers interviewed witnesses A.P., D.W., and D.D. on three different dates.

On July 23, 2020, A.P. was interviewed by Detroit Police Officers and allegedly identified Sturgis from a photographic lineup. The photographic lineup shown to A.P. was a "six-pack" lineup that consisted of six different photographs that all appear on the same page. (*See* ECF No. 28-2).

On May 18, 2021, D.D. was interviewed by federal agents and allegedly identified Sturgis from a photographic lineup. On May 23, 2021, D.W. was interviewed by federal agents and also allegedly identified Sturgis from a photographic lineup. It is undisputed that the same photographic lineup was shown to both D.D. and D.W., and that it differed from the one shown to A.P. The lineup shown to D.D. and D.W. was a sequential lineup. It consisted of six photographs, each on a separate page, that were shown to the witnesses to view one at a time. (*See* ECF No. 28-3). To allow for a side-by-side comparison of these photographs, the Government's brief shows these six photographs all on the same page, on page five of its brief.

A different photograph of Defendant Sturgis was used in the two lineups.

## ANALYSIS

In the pending motion, Defendant Sturgis asks this Court to suppress the identification testimony of three potential government witnesses, the victims of the alleged carjackings (A.P., D.W., and D.D.), "because the photographic lineups were unduly suggestive." (Def.'s Motion at

3

1).

The Sixth Circuit "has prescribed a two-step analysis for determining the admissibility of identification testimony." *United States v. Sullivan*, 431 F.3d 976, 985 (6th Cir. 2005). "First, the defendant must show that the identification procedure was unduly suggestive. If the defendant meets this burden, then the court must evaluate the reliability of the identification in the totality of the circumstances." *Id.*

At the first step of the inquiry, this Court determines whether Defendant Sturgis has met his burden of showing that the pre-trial identification procedure was "unduly suggestive." As to this inquiry, the Court can consider "several factors, such as 'the size of the [photographic] array, the manner of its presentation by the officers, and the details of the photographs themselves.'" *United States v. Stamper*, 91 F. App'x 445, 459 (6th Cir. 2004) (quoting *United States v. Sanchez*, 24 F.3dd 1259 (10th Cir. 1994)). In *Stamper*, the Sixth Circuit explained:

> As to the presentation of a photographic line-up, the Supreme Court recognized in *Simmons v. United States*, 390 U.S. at 383, that the risk of misidentification increases where: 1) "the police display to the witness only the picture of a single individual who generally resembles the person he saw"; 2) the police show the witness "the pictures of several persons among which the photograph of a single such individual recurs or is in some way emphasized"; or 3) "the police indicate to the witness that they have other evidence that one of the persons pictures committed the crime."

*Id*. at 460. In other words, to be unduly suggestive, a pre-trial procedure must "steer [ ] the witness to one suspect or another, independent of the witness's honest recollection." *Wilson v. Mitchell*, 250 F.3d 388, 397 (6th Cir. 2001).

Here, Sturgis does not challenge the size of either photographic array that was shown to the witnesses; nor does he challenge the manner of presentation by the officers or claim that the officers made any suggestive statements. Rather, Sturgis's motion is *based solely upon the*

4

*photographs in the lineups*.

The Supreme Court has identified, as an example of a potentially unduly suggestive identification proceeding, when "other participants in a lineup were grossly dissimilar in appearance to the suspect." *United States v. Wade*, 388 U.S. 218, 233 (1967). But, "[a]s observed in *Hensley*, '[t]he police are not required to conduct a search for identical twins in age, height, weight or facial features." *Hutsell v. Sayre*, 5 F.3d 996, 1005 (6th Cir. 1993). Thus, where photographs of individuals included in a lineup share physical characteristics with that of a suspect, the lineup is not "grossly dissimilar," and is not unduly suggestive. *See, e.g., United States v. Watson*, 540 F. App'x 512, 516 (6th Cir. 2013) (photographic array was not unduly suggestive where "[t]he filler pictures" in the array shared characteristics as to face shape, hair length, and facial hair, and thus the defendant's photograph did not impermissibly "stand out."); *United States v. Washington*, 714 F.3d 962, 967-68 (6th Cir. 2013) (ruling photo array was not unduly suggestive where it showed "five African-American men in addition to the defendant, at least four of whom appear to have some sort of facial hair, and all five of whom appear to be around the same age as the defendant," and without a "drastic difference" between skin tones); *United States v. Porter*, 29 F. App'x 232 (6th Cir. 2002) (photo arrays were not unduly suggestive where "[e]ach of the array's contained six photos of black males" and in the array containing the defendant's photo, "all six men had facial hair and closely-cropped haircuts."); *United States v. Reamey*, 132 F. App'x 613 (6th Cir. 2005) (In light of similarities of photos, all showing "African-America males of similar build, color, complexion and hairstyle," the alleged minor differences are "too minor to render the spread unduly suggestive.").

In light of the many similarities between the men pictured in the two photographic

5

lineups at issue here, this Court finds that the lineups were not unduly suggestive.

Sturgis complains that in the lineup shown to A.P. he has a darker complexion than others it, but then complains that he has a lighter complexion than others in the second lineup that was shown to D.D. and D.W. The officers are not required to search for identical twins in order to have a fair lineup. All of the photos in the lineups used here are of black males, who appear to be similar in age as Sturgis. All of them have similar braided hairstyles, of a similar length and color, and similar amounts of facial hair. The very minor differences of which Sturgis complains are not sufficient to meet his burden of showing that the lineups were unduly suggestive.

If the defendant fails to meet his burden of showing that the photographic lineups were unduly suggestive, the second step, "an analysis of whether the identification was nonetheless reliable," "is unnecessary" and the motion should be denied. *United States v. Washington*, 714 F.3d 962, 968 (6th Cir. 2013). The Court concludes that is the case here.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion to Suppress is **DENIED.**

**IT IS SO ORDERED**.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  September 19, 2022